**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nada B Dirani,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-20-02304-PHX-DLR<br><br>**ORDER** |

At issue is the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Nada Dirani's Application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Plaintiff filed a complaint with this Court on November 30, 2020, seeking review of the denial benefits. (Doc. 1.) Defendant Commissioner filed an Answer. (Doc. 17.) The Court now addresses Plaintiff's Opening Brief (Doc. 19), Defendant's Response (Doc. 25), and Plaintiff's Reply (Doc. 26.). The Court has reviewed the briefs and the administrative record (Doc. 18, Administrative Record "AR.") and now affirms the Administrative Law Judge's ("ALJ") decision.

**I. Background**

Plaintiff, applied for SSDI benefits and SSI under the Act on August 4, 2017, alleging that she was unable to work due to degenerative disc disease, neck pain, fibromyalgia, fatigue, anxiety, and depression. (AR. at 181-182, 202-203.) The

Commissioner denied Plaintiff's claim initially and on reconsideration. (AR. at 166-169, 171-173.) After an administrative hearing held on February 11, 2020 (AR. at 30-69), an ALJ issued a written decision on April 8, 2020, finding Plaintiff not disabled (AR. at 14-22). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on October 5, 2020. (AR. at 1-5.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

**II. Legal Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of

impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. Analysis

Plaintiff argues that the ALJ failed to give legally sufficient reasons for finding some medical opinions persuasive and another medical opinion unpersuasive. Before awarding or denying SSI benefits, the ALJ must "articulate in [its] determination or decision how persuasive [it] finds all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b)(1). Persuasiveness turns primarily on whether a medical opinion is supported and consistent. 20 C.F.R. § 404.1520c(b)(2). The ALJ need not consider other factors, such as a medical source's relationship with a claimant, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported. These considerations apply equally to findings by the State agency medical and psychological consultants who review claims at the initial and reconsideration levels of the administrative process. 20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. § 404.1513(a)(5).

As Plaintiff points out, the ALJ omits any reference to the opinion of Dr. Katherine Worden. 20 C.F.R. § 404.1520c(b)(1). In doing so, the ALJ failed to "articulate in [its] determination or decision how persuasive [it] finds *all* of the medical opinions" as required under the regulations. 20 C.F.R. § 404.1520c(b)(1); *accord. Kramer v. Kijakazi*, No. 20CV2065-GPC(AHG), 2022 WL 873630, at *4 (S.D. Cal. Mar. 24, 2022) ("While the revised regulations remove the hierarchy of medical sources, they do not relieve the ALJ

of the obligation to consider the opinions from each medical source.") This is legal error. The Commissioner argues that the ALJ did not need to consider Dr. Worden's opinion because her statement that Plaintiff was "unable to work" is a conclusion specifically reserved to the ALJ. That's true, but it ignores that Dr. Worden provided other medical opinions about Plaintiff, including that she is "unable to sit stand or walk for even 2–4 hours daily." (AR. at 779.) The ALJ must articulate its reason for finding Dr. Worden's opinion persuasive or unpersuasive.

**IV. Conclusion**

The ALJ failed to reference Dr. Worden's opinion, much less articulate a reason for finding it persuasive or unpersuasive, as required by the regulations. On remand, the ALJ is instructed to reconsider all of the medical opinions and conduct a new sequential analysis, articulating for each medical opinion the reasons that the ALJ finds it persuasive or unpersuasive according to the regulations.

**IT IS ORDERED** that the decision of the ALJ is **VACATED** and **REMANDED** for proceedings consistent with this order.

Dated this 25th day of March, 2022.

_____
Douglas L. Rayes
United States District Judge